UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ZACHARY TYLER COTTON, as an individual, <br><br> Plaintiff, <br><br> vs. <br><br> HIRERIGHT, LLC, CTH FL-WV, LLC and DOES 1-10 inclusive, <br><br> Defendants. | CASE NO. 8:25-cv-00597-SDM-AEP |

**DEFENDANTS' UNOPPOSED MOTION TO TRANSFER VENUE**

Defendants, CTH FL-WV, LLC ("CTH") and HireRight, LLC ("HireRight"), through their undersigned counsel, move to transfer this cause from the United States District Court for the Middle District of Florida, Tampa Division to the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1404(a) and Middle District of Florida Local Rule 1.04(b) because there is no connection to the Tampa Division and all of the alleged events and key witnesses, including Plaintiff, reside within the Orlando Division. Plaintiff, Zachary Tyler Cotton ("Plaintiff") does not oppose this Motion.

## **INTRODUCTION**

Plaintiff claims Defendants, HireRight and CTH (collectively, the "Defendants"), violated the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff alleges he applied for and was denied employment to work at CTH's Lake Nona Wave Hotel in Orange County, Florida based on an erroneous background report provided by HireRight in violation of the FCRA. As such, Orange County, Florida is the location most directly connected to Plaintiff's claim.

In addition, *Plaintiff* resides in Orange County, Florida. CTH's principal place of business is also in Orange County, Florida. While HireRight's principal place of business is in Tennessee, HireRight consents to transferring this action to the Orlando Division as this case as no connection to the Tampa Division.

Further, CTH's witnesses reside in counties within the Orlando Division and all CTH's relevant documents are located in the Orlando Division. Initial discovery has demonstrated this case has zero connection to the Tampa Division. For the convenience of the parties and witnesses, and in the interest of justice, this matter should be transferred to the United States District Court for the Middle District of Florida, Orlando Division.

## FACTUAL BACKGROUND

**A. The Parties, their Residences, and Plaintiff's Claims.**

In March 2023, Plaintiff, a resident of Orlando, Florida, applied to work for CTH as a Cook at the Bacan restaurant in the Lake Nona Wave Hotel. (Am. Compl., Doc. 19 at ¶ 2, 19). The restaurant is in Orange County, Florida, where CTH has its principal place of business. (*Id*. at ¶ 3, 22). CTH gave Plaintiff an offer of employment, conditioned on Plaintiff passing a background check that CTH obtained from HireRight. (*Id*. at ¶ 4–5). HireRight's principal place of business is in Tennessee. (*Id*. at ¶ 21).

On March 12, 2025, Plaintiff initiated this action in the United States District Court for the Middle District of Florida, Tampa Division against CTH and HireRight for alleged violations of the FCRA. Plaintiff claims HireRight disclosed erroneous criminal history records regarding Plaintiff to CTH. (*Id*. at ¶ 6). Plaintiff also claims CTH denied him employment due to the inaccurate background screening report. (*Id*. at ¶ 9).

**B. Discovery Revealed No Connection Between the Tampa Division and the Parties, Witnesses, or Operative Facts.**

Recently, Plaintiff provided discovery responses to CTH. In Plaintiff's interrogatory answers, he elaborated on his allegations in the Amended Complaint and specifically stated that it was CTH's human resources representative who notified him over the phone that he was denied employment

3

due to the background check report. *See* Plaintiff's Answer to Interrogatory No. 13, attached as **Exhibit A.** Elviranela Rodriguez, a former human resources representative for CTH, initiated the request for Plaintiff's background screening report and as such, is likely the human resources representative referenced in Plaintiff's discovery responses. *See* Declaration of Sandra Orellana, attached as **Exhibit B,** at ¶ 8. CTH no longer employs Ms. Rodriguez. *See id*. at ¶ 5.

Discovery has revealed no connection to the Tampa Division. *See generally* **Ex. A.** Indeed, neither the witnesses, Plaintiff, Defendants, nor the operative facts have any connection to the Tampa Division. Ms. Rodriguez resides in Osceola County. *See* **Ex. B.** at ¶ 9. In addition to Ms. Rodriguez, other witnesses at trial will include current CTH employees, Sandra Orellana and Ryne Wood, who are expected to testify about Plaintiff's application process, CTH's relevant policies, and communications with Plaintiff. *See* CTH's Amended Initial Disclosures, attached as **Exhibit C.** These witnesses reside in the Orlando Division. *See* **Ex. B** at ¶¶ 2, 10. Plaintiff resides in the Orlando Division. (Doc. 19 at ¶ 19). The operative facts alleged in the Amended Complaint are also based in the Orlando Division. (*See generally* Doc. 19). Accordingly, Defendants respectfully move to transfer this proceeding to the Middle District of Florida, Orlando Division.

## MEMORANDUM OF LAW

### I. Legal Standard

The Middle District of Florida Local Rules require a party to "begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced." M.D. Fla. R. 1.04(b). Notably, the Court "*must* transfer the action to the division most consistent with the purpose of this rule." *Id*. (emphasis added). Of relevance here, Osceola and Orange Counties are within the Orlando Division. *See* M.D. Fla. R. 1.04(a).

It is well established that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is "to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy, and money." *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "Whether a transfer is appropriate depends on two inquiries: (1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Id*.

## II. This Action Could Have Been Brought in the Orlando Division.

With respect to the first inquiry under Section 1404(a), this case could have been filed in the Middle District of Florida, Orlando Division. "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). It cannot be disputed that a substantial part of the events giving rise to the claim occurred in the Middle District of Florida, Orlando Division. Indeed, Plaintiff applied to work at the Bacan restaurant in Orlando, Florida and claims he was erroneously denied this employment. These allegations form a substantial part of the events giving rise to Plaintiff's claims and are based in the Middle District of Florida, Orlando Division.

To the extent there is any dispute that a substantial part of the events or omissions giving rise to the claim occurred in the Orlando Division, this case could still have been brought in the Orlando Division. A civil action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" when the other venue provisions do not apply. 28 U.S.C. § 1391(b)(3). CTH is subject to personal jurisdiction in the Orlando Division because its principal place of business is in Orlando, Florida. *See Dole Food Co.*, 136 F. Supp. 2d at 1282 (holding the action could have been brought where defendant has its principal place of business

6

because "there is no question that personal jurisdiction, venue, and service of process would have been proper there."). As such, Defendants have satisfied the first inquiry for transferring this action.

### III. The Relevant Factors Weigh in Favor of Transfer to the Orlando Division.

Concerning the second inquiry for transferring this action, the Eleventh Circuit has identified the relevant Section 1404(a) factors as:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). All these factors weigh in favor of transferring this action to the Orlando Division.

#### A. Convenience of the Witnesses.

The first factor, convenience of the witnesses, weighs in favor of transfer to the Orlando Division. "This factor, which pertains to the convenience of non-party witnesses, is an important consideration in determining whether a transfer should be granted." *Trinity Christian Ctr. of Santa Ana, Inc., v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010). In fact, the "convenience of the forum for witnesses is generally considered the single most important factor in

7

the analysis of whether a transfer should be granted." *Worch v. Delta Air Lines, Inc.*, No. 8:13-cv-660, 2013 U.S. Dist. LEXIS 108149, at *5 (M.D. Fla. Aug. 1, 2013). The former CTH employee with knowledge of Plaintiff's application process and background check is a non-party witness in this matter. Significantly, Ms. Rodriguez, a former CTH employee, is the individual Plaintiff contends he spoke with about his background check and employment, which are central issues in this case. This key non-party witness resides in the Orlando division. *See* **Ex. B** at ¶ 9. Discovery has confirmed there are no non-party witnesses that reside in the Tampa Division. As such, the Orlando Division is more convenient, and this factor strongly weighs in favor of transfer.

### B. Convenience of the Parties.

Not only is the Orlando Division more convenient for witnesses, but it is also more convenient for Plaintiff and CTH. *See Delta Air Lines, Inc.*, 2023 U.S. Dist. LEXIS 108149, at *6 (transferring venue when it would be an inconvenience for defendant to require "its supervisors, managers, and employees to travel to Tampa for the trial."). Both Plaintiff and CTH are residents of the Orlando Division. HireRight, on the other hand, maintains a principal place of business in Tennessee and does not have any significant ties to either the Orlando Division or Tampa Division. Still, HireRight consents to transferring this action to the

Orlando Division. As such, the Orlando Division is more convenient for the parties.

### C.  Locus of Operative Facts.

There can be no question that the Orlando Division is the locus of operative facts. This factor also carries greater weight when evaluating whether to transfer to another Division within the Middle District of Florida given Local Rule 1.04(b)'s requirement that an action be brought in the division to which the action is most directly connected. *See Bennett Eng'g Grp., Inc. v. Ashe Indus.*, No. 6:10-cv-1697, 2011 U.S. Dist. LEXIS 30043, at *7–8 (M.D. Fla. Mar. 8, 2011). This action stems from Plaintiff seeking employment in the Orlando Division and allegedly being denied employment in that Division. Conversely, none of the operative facts in this action occurred in the Tampa Division. *See Collectarius Fin., LLC v. Statebridge Co., LLC,* No., 2018 U.S. Dist. LEXIS 13648, at *4 (M.D. Fla. Jan. 12, 2018) (granting motion to transfer when "none of the events or operative facts that give rise to its claims occurred in this Division."). Therefore, this factor indicates that the Orlando Division is the more convenient forum.

### D.  Weight Accorded to Plaintiff's Choice of Forum.

Although, Plaintiff's "choice of forum should be given due consideration, it is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim." *Ashe Indus.*, U.S. Dist. LEXIS 30043, at *9

9

(citations and internal quotations omitted). The Tampa Division lacks any significant connection with Plaintiff's claims. While Plaintiff's choice of forum may weigh slightly against transfer, this factor should be accorded less weight given the absence of any significant connection between the Tampa Division and Plaintiff's claims. *See Martinez v. Mkt. Traders Inst., Inc.*, No. 3:15-cv-1215, 2016 U.S. Dist. LEXIS 174238, at *8 (M.D. Fla. Nov. 22, 2016) (granting motion to transfer venue). Further, Plaintiff does not oppose transferring venue to the Orlando Division.

## CONCLUSION

Considering each and every relevant factor, it is abundantly clear there is no reason this case should be litigated in the Middle District of Florida, Tampa Division and all relevant factors compel the conclusion that the case should be transferred to the United States District Court for the Middle District of Florida, Orlando Division.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), counsel for Defendants certify that they conferred with counsel for Plaintiff and Plaintiff does not oppose the requested relief.

DATED this 25th day of July, 2025.

Respectfully submitted,

| | |
|---|---|
| Montgomery McCracken Walker & Rhoads LLP<br>457 Haddonfield Road, Suite 600<br>Cherry Hill, NJ 08002<br>Telephone: (856) 488-7746 | JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone:  (407) 246-8440<br>Facsimile:    (407) 246-8441 |
| SHUTTS & BOWEN LLP<br>525 Okeechobee Blvd., Suite 1100<br>West Palm Beach, FL 33401<br>Telephone: (561) 835-8500 | By:   /s/ *Amanda A. Simpson*<br>       Amanda A. Simpson<br>       Florida Bar No. 0072817<br>       amanda.simpson@jacksonlewis.com |
| By: /s/ *Alexandra S. Jacobs*<br>    Alexandra S. Jacobs (*pro hac vice*)<br>    ajacobs@mmwr.com<br>    Matthew R. Chait<br>    Florida Bar No. 17657<br>    mchait@shutts.com<br>    Kendall H. Bennett<br>    Florida Bar No. 1031873<br>    kbennett@shutts.com | Nailah Bowen Casavant<br>Florida Bar No. 1032083<br>nailah.casavant@jacksonlewis.com<br><br>Attorneys for Defendant CTH FL-WV, LLC |
| Attorneys for Defendant HireRight, LLC | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:  Devin H. Fok, Esq. and Joshua Kim, Esq., DHF Law, P.C., 2304 Huntington Drive, Suite 210, San Marino, CA 91108; Matthew R. Chait, Esq. and Kendall Bennett, Esq., Shutts & Bowen, 525 Okeechobee Blvd., Suite 1100, West Palm Beach, FL 33401-6351 and to Alexandra S. Jacobs, Esq., Montgomery McCracken Walker & Rhoads LLP, Liberty View, 457 Haddonfield Road, Suite 600, Cherry Hill, NJ 08002.

 */s/ Amanda A. Simpson*
    Amanda A. Simpson